## BARKSDALE v. FLEMING.
### No. 13413.

Circuit Court of Appeals, Eighth Circuit.
March 20, 1947.

John H. Lookadoo, of Arkdelphia, Ark. (Clinton R. Barry, of Fort Smith, Ark., on the brief), for appellant.

David London, Director, Litigation Division, Office of Temporary Controls, of Washington, D. C. (George Moncharsh, Deputy Administrator for Enforcement, Albert M. Dreyer, Chief, Appellate Branch, Walter D. Murphy, Atty., and Leonard M. Cox, Regional Litigation Atty., Office of Temporary Controls, all of Washington, D. C., on the brief), for appellee.

Before THOMAS, JOHNSEN and RIDDICK, Circuit Judges.

PER CURIAM.

The Administrator, Office of Price Administration,[1] sued for triple damages and an injunction against appellant, under section 205(e) and (a) of the Emergency Price Control Act of 1942, as amended, 50 U.S. C.A.Appendix, § 925(e) and (a). He alleged that overcharges, under section 5(e) of Second Revised Maximum Price Regulation 19, as amended, 9 F.R. 2915, had been made in sales of Southern Pine lumber. The court gave judgment against appellant for $2418.22, the amount of the alleged overcharges, refused to award the Admin-

---

[1] Now succeeded by the Administrator, Office of Temporary Controls. See Executive Order No. 9809, dated December 12, 1946, 50 U.S.C.A.Appendix, § 601 note, 11 F.R. 14281.

istrator any multiple damages, and dismissed the request for an injunction.

So far as here material, section 5(e) of the amended regulation in substance provided that shipments of Southern Pine lumber, containing 30% or more No. 1 Common, must either bear the grade mark of a qualified inspection agency under Federal Specification MM–L–751c (May 20, 1942), or "be accompanied by a certificate of inspection by inspection agency, which has been accepted as satisfactory by any Federal purchasing organization, or be inspected by an inspector from the Federal organization making the purchase", and if not thus graded or accompanied by the required certificate then "lumber invoiced as No. 1 Common * * * in any such shipment may not be sold at prices higher than the prices provided in such tables for No. 2 Common."

The sales involved were of No. 1 Common, and appellant had charged the price fixed for No. 1 Common which had been graded or certified in accordance with the regulation. The trial court found that the lumber had all been properly and accurately graded. It further found that appellant had had all of the lumber inspected and certified by an inspector named Pate, who held a letter from the "Chief, Lumber Branch, Procurement Division, Military Supply", stating, "You have been authorized in letter from this office to issue the certificate of inspection which, under the provisions of Amendment 8 to O.P.A. RMPR No. 19, must accompany certain shipments of Southern Pine lumber." There was also a finding to the effect that both appellant and Pate believed that a certificate by Pate, under this authorization from the Lumber Branch, Procurement Division, Military Supply, would make appellant's lumber "accompanied by a certificate of inspection by inspection agency, which has been accepted as satisfactory by any Federal purchasing organization", as provided in the regulation.

It is somewhat difficult to see just why this suit has been brought. This is not a case where the requirements of the regulation have been ignored, such as in Crary v. Porter, 8 Cir., 157 F.2d 410. It is not a case where, on the basis of the product sold, there has been some possibly inflationary overcharge, such as the Act inherently intended should be syphoned off in the interest of the public economy. If the regulation has been violated, the noncompliance is a technical and inadvertent one in an individual situation, which can hardly be germinative of any possible trend.

The Administrator argues, however, that the action is justified, on the technical ground that, while Pate may have been an inspector authorized by a Federal purchasing organization to issue certificates, he was not an "inspection agency". Whatever significance the technical distinction between an inspector and an inspection agency might have generally under the regulation, we think, in appellant's undisputed effort to comply with the regulation in the operation of his small business, he was justified in reading the regulation practically (until, of course, he should learn that the Administrator was insisting upon its literal reading and construction), and in believing that an authorization, from a Federal purchasing organization to a person in the industry to issue certificates, would constitute that person as an agent or agency entitled to issue certificates of inspection, under the regulation, in the industry generally, and that he ought therefore to be protected in his actions taken on that belief.

The Administrator argues, however, that appellant should in any event be held liable, on the further ground that Pate's authorization had in fact been revoked. It appears that the Procurement Division, Military Supply, had left Pate's authorization outstanding for some time and had then purported to revoke it. But it was undisputed that Pate had never received any notice or had any knowledge of the revocation, nor did appellant.

The rule is well settled as to public officers that, "Where a public officer is removable at pleasure, his removal may be effected, so far as his title to the office is concerned, by a declaration of removal; but notice or knowledge is necessary to complete the removal so far as the validity of his official acts is concerned." 43 Am. Jur., Public Officers, § 213, p. 53, and cases

there cited. And the same principle is recognized in the general field of agency. "The revocation or renunciation [of the relationship] is effective when the principal or agent learns that the other no longer consents to the continuance of the authority." Restatement, Agency, § 119, Comment c.

Pate was not, of course, technically a public officer, and only in a limited sense could he be said to be an agent of the Procurement Division, Military Supply. But, if he was at all entitled under the regulation to issue certificates of inspection in civilian transactions, it was only because of the recognition given his official status as an inspector for a Federal purchasing organization. In protecting a citizen's good faith reliance upon such a validly created official status, there certainly would be as much reason to require that notice or knowledge of the revocation of his authority should have been given to Pate, as in the case of a public officer or other agent. Without such notice or knowledge, his acts ought not in any stricter measure to be denied sanction or validity, in order here to mulct appellant, who has dealt with him in an honest desire and effort to fulfill the requirements of the law.

The judgment is reversed and the cause remanded.